UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN W. BENNETT,

    Petitioner,

v.   Case No. 5:20-cv-81-RV-MJF

DEPARTMENT OF CHILDREN AND
FAMILIES,

and

CHRISTINA DRAKE,

    Respondents.
_____/

## **REPORT AND RECOMMENDATION**

    John W. Bennett, proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, to challenge an emergency shelter proceeding filed by the Florida Department of Children and Families in the Bay County Circuit Court. The shelter proceeding placed Bennett's "stepson" in shelter or foster care. (Doc. 1). The undersigned concludes that the petition should be dismissed for lack of subject matter jurisdiction.[1]

---

[1] The matter was referred to the undersigned magistrate judge for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

## I.   Background and Procedural History

The following facts are drawn from Bennett's habeas petition. (Doc. 1). Bennett alleges that in 2017, the Florida Department of Children and Families ("DCF") filed a shelter petition seeking to remove "G.C.U.," a minor child, from the home of his mother (Bennett's wife) and Bennett. (*Id.* at 3). Bennett describes himself as G.C.U.'s "stepdad" and legal guardian. (*Id.* at 5). According to Bennett, the shelter petition alleged, falsely, that he and G.C.U.'s mother were arrested after a probation officer found methamphetamines in their home during a routine visit, and that the presence of the methamphetamines was a danger to G.C.U. because he lived in the home. Bennett denies the presence of methamphetamines and argues that even if found, they were not a danger to G.C.U., because he was at school at the time. Bennett also alleges that the shelter petition falsely claimed that there were no known adult relatives available to care for G.C.U., even though G.C.U.'s school records identified Bennett and Gwendolyn Bennett as legal guardians and/or emergency contacts. Bennett does not identify the name of G.C.U.'s current foster or adoptive parent, except to name Christina Drake as a co-Respondent.

Bennett labels his pleading a "Petition for Writ of Habeas Corpus and Emergency Motion for Return of Child 28 U.S.C. § 2254." (*Id.* at 1). Bennett claims that G.C.U. is in the custody of the Respondents in violation of the Constitution and federal and state law. As relief, Bennett requests "[t]hat a writ of habeas corpus issue

requiring the Respondent to appear and produce the minor child(ren) before this Court and to otherwise show cause why custody should not be restored to the Petitioner." (*Id.* at 5).

## II. Discussion

A district court may entertain a habeas petition on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Bennett premises his putative habeas petition on the notion that his "stepson" is involuntarily in the custody of the State for purposes of § 2254 because he is in a foster or adoptive home pursuant to an order issued by a state court. Bennett claims that the state process leading to that situation violated Bennett's constitutional rights. The Supreme Court, however, has rejected Bennett's argument that federal habeas corpus is available to collaterally review the type of state court judgment at issue here.

In *Lehman v. Lycoming Cty. Children's Servs.*, 458 U.S. 502 (1982), the Supreme Court held that § 2254 does not confer "jurisdiction on the federal courts to consider collateral challenges to state-court judgments involuntarily terminating parental rights." *See id*. at 503, 515-16. The Court explained:

> [Ms. Lehman's] sons, of course, are not prisoners. Nor do they suffer any restrictions imposed by a state criminal justice system. These factors alone distinguish this case from all other cases in which this Court has sustained habeas challenges to state-court judgments.

> Moreover, although the children have been placed in foster homes pursuant to an order of a Pennsylvania court, they are not in the "custody" of the State in the sense in which that term has been used by this Court in determining the availability of the writ of habeas corpus. They are in the "custody" of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents. Their situation in this respect differs little from the situation of other children in the public generally; they suffer no unusual restraints not imposed on other children. They certainly suffer no restraint on liberty as that term is used in *Hensley* and *Jones*, and they suffer no "collateral consequences"—like those in *Carafas*—sufficient to outweigh the need for finality. The "custody" of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas. Ms. Lehman simply seeks to relitigate, through federal habeas, not any liberty interest of her sons, but the interest in her own parental rights.
>
> Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody.

*Lehman*, 458 U.S. at 510-11 (1982) (footnotes omitted) (citing *Hensley v. Mun. Court*, 411 U.S. 345 (1973); *Jones v. Cunningham*, 371 U.S. 236 (1963); and *Carafas v. LaVallee*, 391 U.S. 234 (1968)). This precedent settles this case.

## III.   Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

**IV. Conclusion**

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The petition for writ of habeas corpus, (Doc. 1), be **DISMISSED** for lack of subject matter jurisdiction.

2. The District Court **DENY** a certificate of appealability.

3. The clerk of court close this case file.

At Panama City, Florida, this 20th day of March, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.